IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOMEDES D. VIRAY,<br><br>        Petitioner,<br><br>  v.<br><br>SCOTT P. DRAWERS, et al.<br><br>        Respondents. | 1:03-cv-05840-REC-TAG HC<br><br>ORDER DIRECTING RESPONDENT TO PROVIDE BRIEFING<br><br>ORDER SETTING BRIEFING SCHEDULE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on remand from the Ninth Circuit Court of Appeals.

On May 29, 2003, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Southern District of California. (Doc. 1). On June 19, 2003, the matter was transferred to the United States District Court for the Eastern District of California, Fresno Division. (Id.).

On July 21, 2003, this Court issued an order requiring Respondent to submit an answer addressing the merits of the petition within ninety days of the date of service of the order. The Court's order additionally granted Respondent the option of filing a motion to dismiss, in lieu of an answer, within sixty days of the date of service of the order. (Doc. 3). On September 9, 2003, Respondent filed a motion to dismiss the petition on the ground that the petition was filed after the

1 expiration of the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).  (Doc. 6).  Petitioner filed
2 an opposition to the motion to dismiss on December 2, 2003.  (Doc. 13).

3      On March 15, 2004, the Magistrate Judge issued a report and recommendation
4 recommending that the petition be dismissed because Petitioner failed to comply with the one-year
5 statute of limitations.  (Doc. 14).  On June 18, 2004, the United States District Judge adopted the
6 report and recommendation.  (Doc. 17).  On July 12, 2004, Petitioner filed a notice of appeal.
7 (Doc. 19).

8      On April 28, 2005, the Ninth Circuit Court of Appeals vacated the District Court's order
9 dismissing the petition and remanded the case for further proceedings.  (Doc. 34).  In its
10 memorandum ruling, the Ninth Circuit noted that Petitioner had contended that he was entitled to
11 equitable tolling of the limitations period "because of his former counsel's failure to name the correct
12 parties in a prior habeas petition, failure to file in the correct district, failure to refile when the
13 petition was dismissed, and failure to communicate or respond to Viray and his family's inquiries."
14 (Id. at p. 2).   Because Petitioner's allegations regarding when counsel misfiled the prior petition and
15 when counsel returned the file were "uncorroborated by independent evidence in the record,"  the
16 Ninth Circuit remanded the case for "further development of the record with regard to these factual
17 issues and the issue of causation," citing United States v. Battles, 362 F.3d 1195, 1198 (9th Cir.
18 2004).  (Doc. 34, p. 2).

19 <center>**DISCUSSION**</center>

20      The AEDPA imposes a one-year period of limitations on petitioners seeking to file a federal
21 petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The statute of limitations may be tolled
22 pursuant to statute, see § 2244(d)(2), or equitably, see Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.
23 2003).  Because the Ninth Circuit remanded this action solely to determine whether Petitioner is
24 entitled to equitable tolling of the one-year limitations period, statutory tolling is not at issue.

25      Equitable tolling is available when "extraordinary circumstances beyond a prisoner's control
26 have made it impossible to file a petition on time" and "the extraordinary circumstances were the
27 cause of his untimeliness."  Spitsyn, 345 F.3d at 799.  Petitioner had previously raised several bases
28 for equitable tolling; however, the Ninth Circuit Court of Appeals has expressly remanded the case

for further factual development only on the following issues: (1) when Petitioner's counsel misfiled the prior habeas petition; (2) when that counsel returned the file to Petitioner; and (3) causation, i.e., whether, if true, those facts caused Petitioner to file the instant petition beyond the one-year statute of limitations. (Doc. 34, p. 2).

Respondent will be directed to brief these grounds for equitable tolling, including the lodging of any documents or evidence that Respondent asserts are relevant to the factual development of the equitable tolling issue. Petitioner will be given an opportunity to reply. If, upon conclusion of the briefing process, the Court finds that an evidentiary hearing on the issue of equitable tolling is necessary, the Court will so order. Respondent is advised that in the event he wishes to concede the issue of timeliness and choose instead to answer the merits of Petitioner's claims, he may do so by requesting leave of Court within the time herein allotted.

**ORDER**

Accordingly, Respondent is DIRECTED to brief the issue of whether Petitioner is entitled to equitable tolling of the statute of limitations based on the grounds specifically discussed in this order. Respondent's brief is due within forty-five (45) days of the date of service of this order. Petitioner may file an opposition brief if he so chooses; said opposition brief is due within thirty (30) days of the date Respondent files his brief. Respondent may file a reply brief within fifteen (15) days of the date Petitioner files his opposition brief.

IT IS SO ORDERED.

**Dated:   May 25, 2005**                   /s/ Theresa A. Goldner
j6eb3d                                      UNITED STATES MAGISTRATE JUDGE